UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN NGOC HUYNH,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>Defendants. | Case No.  26-cv-06885-VKD<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; ORDER TO ISSUE AND SERVE SUMMONS**<br><br>Re: Dkt. Nos. 1, 2 |

On July 6, 2026, plaintiff John Ngoc Huynh, who is representing himself, filed a complaint against the Social Security Administration ("SSA"), the California Department of Social Services, Disability Determination Services Division ("CDSS"), and 20 Doe defendants.  Dkt. No. 1.  Mr. Huynh also filed an application to proceed *in forma pauperis* ("IFP").  Dkt. No. 2.

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security.  *See* 28 U.S.C. § 1915(a).  A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The screening requirement of § 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.  *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Castro v. Pascual*, No. 20-cv-01090-BLF, 2020 WL 733127, at *1 (N.D. Cal. Feb. 13, 2020) (same).

Having considered Mr. Huynh's IFP application, the Court finds that he qualifies

United States District Court<br>Northern District of California

financially for IFP status.

As for the complaint, it is lengthy and not entirely clear as to the precise nature of Mr. Huynh's claims.  On the one hand, Mr. Huynh insists that his claims are "procedural rather than substantive" because he alleges that defendants have failed to accommodate his "federally approved" request for communications in "written-only" format in adjudicating his disability claim.  Dkt. No. 1 ¶¶ 1, 4-5.  On the other hand, aspects of Mr. Huynh's complaint appear to challenge defendants' procedures for adjudicating disability claims on substantive grounds.  For example, Mr. Huynh challenges defendants' request for an additional psychiatric consultative examination of Mr. Huynh and seeks an order requiring defendants to identify "the specific evidentiary basis for continued psychiatric consultative-examination development."  *See id.* ¶¶ 108-109, 112-113.  In addition, Mr. Huynh contends that "before requiring continued psychiatric consultative-examination development, [CDSS] should identify the specific acceptable medical source evidence, treating-source record, psychiatric finding, functional assessment, work-related limitation, or other evidentiary category that [CDSS] presently believes remains unresolved."  *Id.* ¶ 118.

Mr. Huynh asserts claims based on section 504 of the Rehabilitation Act, *id.* at 17, which provides, in relevant part, that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]"  29 U.S.C. § 794.  To the extent Mr. Huynh challenges defendants' procedures for determining benefits, the Social Security Act may bar his claims.  *See* 42 U.S.C. § 405(h); *Bruce v. Azar*, 389 F. Supp. 3d 716, 723-24 (N.D. Cal. 2019) (holding that the court lacked subject matter jurisdiction over Rehabilitation Act claim because despite plaintiff's argument that his claim was "not essentially a claim for benefits," "there is no question that what [p]laintiff is challenging here is clearly tied to his benefits."), *aff'd*, 826 F. App'x 643 (9th Cir. 2020).  However, to the extent Mr. Huynh alleges that he has been discriminated against based on his disability by virtue of defendants' failure to accommodate his request for written communications, his claims may fall within the scope of the Rehabilitation Act.  *See American*

United States District Court
Northern District of California

2

*Council of Blind v. Astrue*, No. 05-cv-04696 WHA, 2008 WL 1858928, at *1, *4-7 (N.D. Cal. Apr. 23, 2008) (holding that the court had subject matter jurisdiction over Rehabilitation Act claim where plaintiffs "d[id] not dispute the standards for determining benefits . . . but rather the procedures and practices for *notifying* participants of benefit determinations").

For purposes of 28 U.S.C. § 1915(e) only, the Court concludes that it has subject matter jurisdiction with respect to at least some aspects of Mr. Huynh's complaint, and that the complaint sufficiently states a claim under section 504 of the Rehabilitation Act, such that the action may proceed without prepayment of the filing fee.

Accordingly, the Court grants Mr. Huynh's IFP application. The Clerk of the Court shall issue summons to the SSA and the CDSS. Furthermore, the U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the complaint, any amendments or attachments, Mr. Huynh's affidavit, and this order upon these defendants.

The Court encourages Mr. Huynh to obtain a copy of the Pro Se Handbook.[1] Additionally, the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to self-represented litigants in federal cases. Information regarding the Program can be found at https://cand.uscourts.gov/pro-se-litigants/the-federal-pro-se-program-at-the-san-jose-courthouse/. Appointments may be scheduled by calling 408-297-1480.

**IT IS SO ORDERED.**

Dated: July 9, 2026

Virginia K. DeMarchi
United States Magistrate Judge

---

[1] https://cand.uscourts.gov/pro-se-handbook/

United States District Court
Northern District of California

3